## EDINGER v. CARROL CO. BD. OF COMM.

Ohio Appeals, 7th Dist., Carroll Co.

No. 217. Decided Dec. 17, 1927.

Judges Farr and Roberts of the 7th Dist., and

Lemert of the 5th Dist., sitting.

Syllabus by Editorial Staff.

**841. NEW TRIAL—1235. Verdicts—355. Damages.**

New trial may be granted on the ground of inadequacy of verdict, as well as on ground that verdict is excessive.

**1104. STATUTES.**

Section 11576 GC. not inconsistent with application of common law rule that new trial may be granted on account of inadequacy of verdict.

Error to Common Pleas.
Judgment reversed.

Anderson, Lamb, Marsteller & Wilkins, Youngstown, for Edinger.

Frank F. Cope, Pros. Atty., Carrollton; John H. Fimple, Canton, and R. E. McDonald, Carrollton, for Carroll Bd. of Comm.

# PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday        50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance .................................... $15.00

Discount for advance payment $3.00, making the net price ................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription.. $18.00

Single Numbers ............................... .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning.........................Business Director

Sheldon R. Laning...................Editorial Director

## STATEMENT OF FACTS.

This action was commenced in the Carroll Common Pleas by Walter Edinger, a minor, by his father and next friend. The petition alleged that, because of the failure of the County Commissioners to maintain proper guard rails on each end of a certain bridge, and to keep the highway and the approach to said bridge in proper condition and repair, the automobile, in which the plaintiff was riding, was without any act, neglect, or want of care upon plaintiff's part, was caused to go over an embankment at said bridge, to the ground below, a drop of about eleven feet, causing plaintiff such injuries that he was confined in the hospital for a long period of time, and that he is unable to work and earn money as before, and will be unable to earn money for an indefinite period and his earning capacity was for a time totally destroyed and his future ability to work and earn money greatly lessened and decreased. The petition further alleged that the plaintiff had been damaged in the sum of $40,000, for which he prays judgment.

The answer admitted that the plaintiff had been injured, but denied that the injuries were caused by the negligence of the defendant, claiming that whatever injuries plaintiff sustained were directly and solely caused by the plaintiff's own carelessness and negligence. The reply denied the allegations of the answer.

By the verdict, the jury found that the defendant was negligent in some one or more of the particulars charged and that such negligence was the direct and proximate cause of the injuries of which plaintiff complains. The jury therefore did not find that the plaintiff's injuries were caused directly and solely by his own carelessness and negligence and further did not find that he was guilty of any negligence directly contributing to his injuries, which issue was submitted by the trial court to the jury in three separate requests of the defendant, given by the Court before argument, being Requests 2, 3, and 4 as found in the record on pages 323 and 325, and also followed with four requests 5, 6, 7, and 8, found on pages 325, 326 and 327, of the record, relating to the negligence of the plaintiff. The general charge, commencing on page 328 of the record, likewise submitted to the jury the question of plaintiff's contributory negligence. The jury, in this case, found affirmatively in favor of the plaintiff on all these issues, and then assessed the amount of damages at the sum of $1.00. It is, therefore, proper to consider the evidence offered upon the question of the plaintiff's injuries, as it is the contention of the plaintiff that the verdict of the jury was too small and grossly inadequate. The extent and character of plaintiff's injuries is undisputed, as an examination of the record will disclose.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEMERT, J.

The main and principal question presented in this case is, can this Court grant a new trial where the finding of the jury is too small, or can a reviewing court reverse a judgment on the ground that the verdict of the jury was too small and grossly inadequate?

We find that this rule existed at common law, to grant a new trial where the verdict was either excessive or too small. Benton v. Collins, 47 L. R. A. pg. 1.

There is no provision of our Code which prevents the court from setting aside the verdict on the ground that it is too small or grossly inadequate, and while the section 11576 makes no provision for granting a new trial on the ground that the verdict is too small or inadequate, yet it does not take away that right, which the common law confers upon the courts, to set aside a verdict which is too small. In other words, this section is not exclusive but cumulative.

At common law, the court had the same power to grant a new trial where the verdict was inadequate as where it was excessive, and the provisions of the Code supersede the common law rules only so far as the same are inconsistent with the application of the common law rule that a new trial may be granted on account of the inadequacy of the verdict, and Article Seven of the Amendment of the United State Constitution provides, among other things, that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

We cite 8 O. F. D. 429, 10 F. D. 145. Also the case of Toledo Ry. & Light Co. v. Mason, 81 OS. 463.

So that it is well established in Ohio that a new trial may be granted on the ground of inadequacy of the verdict as well as on the

ground that the verdict is excessive, and where the verdict of the jury is so grossly and outrageously inadequate as to shock the sense of justice and fairness, it is the manifest duty of. the court to set that verdict aside and grant a new trial.

We therefore find that the judgment of the Common Pleas is against the weight of the evidence, is contrary to law, and that the damages allowed plaintiff were grossly inadequate, and that the judgment of the Court below should be and the same is hereby reversed and a new trial granted and cause remanded to the Court of Common Pleas.

(Lemert, J. Farr, J. and Roberts, J. concur.)